bursements. No opinion. Present — Martin, P. J., O'Malley, Townley, Dore and Callahan, JJ.

DANIEL O. HASTINGS, as Special Trustee of Standard Gas and Electric Company, Debtor, Appellant, v. H. M. BYLLESBY AND COMPANY and Others, Defendants, Impleaded with HAYSTONE SECURITIES CORPORATION (a Dissolved Corporation), Respondent.— Judgment and order unanimously affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., O'Malley, Townley, Dore and Callahan, JJ.

JOHN FIORE, an Infant, under the Age of 14 Years, by His Guardian ad Litem, DOMINICK FIORE, and DOMINICK FIORE, Appellants, v. SURFACE TRANSPORTATION CORP. OF NEW YORK, Respondent.— Order unanimously affirmed, with costs and disbursements. No opinion. Present — Martin, P. J., O'Malley, Townley, Dore and Callahan, JJ.

### (October 26, 1940.)

In the Matter of the Application of SAMUEL W. PHILLIPS and Others, Petitioners, Respondents, for an Order Determining Questions Arising under Written Objections to a Certain Alleged Petition Filed with the City Clerk of the City of New York on or about the Sixth Day of September, 1940, Entitled " Petition for the Submission to the Electors of the City of New York for an Amendment to the New York City Charter to Reorganize County Government by Abolishing the County Offices of Sheriff, Register, Register of Deeds, and Registrar, Creating the Offices of City Sheriff and City Register and Assigning the Functions of the Offices Hereby Abolished to the City Sheriff, the City Department of Correction and the City Register." H. WARREN HUBBARD, City Clerk of the City of New York, and Others, Appellants.— Order unanimously affirmed, without costs. Leave to appeal to the Court of Appeals granted. No opinion. Present — Martin, P. J., O'Malley, Townley, Untermyer and Cohn, JJ. [N. Y. L. J. Oct. 24, 1940, p. 1225. Affd., 284 N. Y. 152.]

## SECOND DEPARTMENT, OCTOBER, 1940.
### (October 7, 1940.)

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of JACOB JAY LEVINE, Admitted as JACOB J. LEVINE, an Attorney and Counselor at Law, Respondent.— The learned official referee has found that respondent, in 1936, in order to consummate a settlement of a pending negligence action in which he was one of the record attorneys for plaintiffs, prepared and delivered a general release which he falsely represented had been executed by one of the plaintiffs when, in fact, it had not been so executed, because that plaintiff, as respondent knew, was mentally and physically incapable of participating in any such act; that in settlement of the pending action he accepted a check, in which the said plaintiff was named as one of the payees, at a time when he knew said plaintiff was dead; that he negotiated the check with that plaintiff's name endorsed thereon when he knew that the signature must have been forged since before he received the check he had been advised that she had died; that with such knowledge he disbursed the proceeds of the check, taking a substantial part for himself. A read-